Case number 11-02 plus 7, People v. Cavocchio-Smith Good morning, Your Honors. My name is Yasmin Ekin from the State Appellate Defender's Office. On behalf of the appellant, Carol Zier-Smith. Good morning. Good morning, Your Honors. Michelle Romaldi-Stein. I'm an Assistant State's Attorney. I'm here for the people of the State of Illinois. Each side will have an opportunity to present approximately 15 minutes of argument. From that speaking, you may save out some time for your rebuttal. Thank you, Your Honor. May it please the Court, and before I begin, may I please reserve five minutes for rebuttal? Yes. Thank you. Carol Zier-Smith, an incarcerated pro se defendant, filed his first post-conviction petition and alleged that his trial attorney, Richard Buick, had a conflict of interest. Richard Buick. Oh, sorry. Thank you, Buick. When he represented Smith because Buick had also been retained by the Chicago Police Department and State's Attorney's Office to represent John Burge and other members of those offices who were involved in the mistreatment of arrestees. The issue we raised on appeal was whether his pro se petition met the low threshold of Now, in evaluating a petition at this stage, it should be dismissed as frivolous and patently without merit only if no arguable basis in the law or fact exists. And that means that it's based on an indisputably, meritless legal theory or a fanciful factual allegation. And that means that fanciful factual allegations are those which are fantastic or delusional. Here, Mr. Smith's allegations presented an arguable basis in law because if, in fact, Buick had served as counsel for the Chicago Police Department State's Attorney's Office at the time he was representing Mr. Smith, a per se conflict would have existed. Why didn't Mr. Smith lay his other source of information in his affidavit? Your Honor, Mr. Smith wasn't required to name his other source. I don't know if there was another source. If you look at his affidavit, he simply said, I learned of We don't know who the source was. We don't know if it was in passing in jail, if he was complaining about Buick's representation of him at trial because it did seem like he was reluctant, at least at the motion to suppress hearing, to put Mr. Smith on the stand to challenge those officers' testimony. If another inmate maybe had said to him, you know, that name sounds familiar. I think he may have been involved in those cases. From that point, then Mr. Smith, according to his affidavit, went directly to the source of where he could get this information. He went directly to Mr. Buick and he asked him directly, were you me? And Mr. Buick would not answer him. And he had an ethical obligation to answer him at that point. He had an obligation to tell him whether or not his representation was conflicted. But he wouldn't. Well, you know, the issue of what Mr. Buick's ethical responsibilities are, and I believe before us at this time, my question to you is, can you just say anything in a pro se petition without any support at all and get to the second stage? And don't you have to have some supporting documentation or something to back you up before you say something like that? No, you can't just say anything. You can't just make an allegation that Mr. Buick, he represented Chicago Police Department members at the time he Anybody who's been involved in the justice system in this county knows that the claim that Mr. Buick represented the state's attorney's office and represented the police department is frankly fantastic. Okay? I mean, so I would think that you have to have some supporting documentation for that. Well, Your Honor, that's your personal knowledge. I have to look at the petition. All right. Well, that goes to my question. When he said that he asked Mr. Buick this question, when was that? He said after trial. Okay. When after trial? Your Honor, he's a pro se litigant. Okay. So we do have to have some kind of a fact here. You can't just say after trial. That could mean, you know, five years. It could mean four years. It could mean a month. It could mean anything. So is the defendant required to give us a time frame? And his time frame is after trial. And the reasonable inference of that is that he was, well, he represented him at trial. Okay. And he indicated that he directly had a private conversation with him. And so the reasonable inference of that would be it's close to the trial. Okay. Now where do you get that from? Pardon me? I'm not sure I can leap to that without a case or something. He didn't say while I was in prison. He said after trial. He said after trial. All right. So he doesn't really have a time frame. It could be three years. It could be five years. I mean, I don't know. I'm just trying to get how do you reasonably infer that it was contemporaneous? Do you agree that that is a requirement? That Mr. Boyke has to represent the defendant contemporaneously with some other person that creates the alleged per se conflict? Doesn't it have to be contemporaneous? It has to be contemporaneous. That is the legal requirement. Absolutely. All right. Are there two legal requirements for the post-conviction petition? One, that the allegations not be, you know, fanciful or, you know, but also that the statute requires some corroboration by way of affidavit, any kind of evidence to support the claim? Some corroboration to support an arguable factual basis. All right. And the question of fact is exactly that. When did Mr. Bukey represent, did his representation of John Eberge overlap? All right. Now, the documents in the record are from 2009 and 2010. Right. And so the question of fact, based on the conversation that Mr. Smith details in his own affidavit that he had with Mr. Bukey and these documents which show that Mr. Bukey, Boyke, I'm sorry. That's all right. did in fact represent John Eberge on matters involving litigation and misconduct that took place prior, that is the question that these pleadings raise. Did he also at the same time represent members of the Chicago Police Department or the State's Attorney's Office at the same time? You just slipped into, I'm sorry, go ahead. Isn't the State's Attorney's Office kind of like a dead issue? I mean, there's nothing in here that suggests that Mr. Bukey was representing anybody in the State's Attorney's Office. Okay. Well, I. Let's kind of focus on Eberge. We'll focus on the Chicago Police Department. Well, that's what I was going to ask you. You're slipping back and forth between representing Eberge and representing other entities. And my question to you is, I mean, aren't they significantly different in terms of a conflict analysis? If you would say, well, if you would say, well, we've sufficiently shown that Mr. Bukey represented the State's Attorney's Office, I could say, well, yeah, there's a conflict there because the case is being prosecuted by the State's Attorney's Office. But is there necessarily a conflict if, and I'm not saying that you've established that sufficiently, but isn't it a different analysis if he's just representing one individual? Yes, yes it is. Mr. Berge? Right. I mean, are you saying that any time a private defense attorney represents a police officer, that therefore he's in a conflict position with, you know, any, when he represents any other defendant? I mean, is your point, do we have to take your point all the way to the end where no defense attorney can ever represent a policeman and represent any other criminal defendant at the same time? No, because the standard, the prong that he falls under in terms of per se conflict of interest is that Mr. Smith's allegation is that at the time Bukey represented him, he had been retained by the Chicago Police Department. All right, then. Let's go back to the Chicago Police Department as opposed to Mr. Berge. Right. Okay? So what you're saying is that the conflict arises from Mr. Bukey representing the Chicago Police Department at the same time as he represented your client. Yes. Is that what you're saying? Yes. Okay, so let's leave Berge out of it then. No, but Berge is connected to it. That is part of his corroboration. Well, if the conflict is the Chicago Police Department, that Bukey represented the Chicago Police Department, do you have any substantiation for that allegation? The substantiation I have for that allegation is Smith's affidavit when he said that he... Well, under Collins, Smith's affidavit isn't enough. Do you have something else? Your Honor, first of all, I disagree that under Collins it's not enough. All right, tell me why. Because Collins was a verification affidavit. It was no affidavit under 122-2. It didn't detail a private conversation that the defendant had with his attorney. That's what Mr. Smith provided here. He provided an affidavit, a specific affidavit of a conversation he had where he, upon learning that his attorney may have been representing members of the What you're saying is that an affidavit by your client in which he says Bukey didn't tell him anything is sufficient to show that he was representing the Chicago Police Department? It's sufficient to raise a question of fact that we can't resolve here, that could be so easily resolved at the next stage. That presents the question of fact of did he represent the Chicago Police Department at the same time that he was representing Mr. Smith? But that's not a question of fact we can't resolve here. That's inappropriate. And to say that you don't consider the defendant's affidavit at all... But his affidavit doesn't say anything about that. All he says is that Bukey wouldn't tell me. Right, but... Where does it say that in the affidavit? Well, obviously, apparently Bukey wouldn't admit to it either way. Well, that's true, but that's not evidence. If he could assure Mr. I mean, now we are really getting into the investigation of the facts here. If he could assure Mr. Smith, no, there was absolutely not. I didn't have a conflict. I represented you conflict-free. And the fact that I didn't put you on the stand and that I thought your sworn allegations in a motion would be good enough for a motion to suppress, even though you asked me and asked me if you could testify and challenge those officers' testimony, and even though Judge Sachs actually had to tell me that I have to put you on the stand because that's actual evidence, and even though I waived closing argument after a week of testimony from police officers who testified as to taking alleged inculpatory statements from Mr. Smith, but I waived argument, even though those things, I'm not going to assure you that my duties were, I was loyal to you. So it's not just his affidavit. It's his affidavit. It's the record. It's those facts from the record that support an arguable basis in fact. That's all he has to show. And the fact that, yeah, ultimately what he does find as documentation is that Mr. Boyke does represent Mr. Burge. In this case, were the charges, did they arise in 2003 and the trial occurred in 2006? Is that the time frame? That is the time frame. Would you agree that the newspaper articles and what was the other thing, from this other person, that 2009 and 2010, do you think those support a contemporaneous representation? They do not show a contemporaneous representation, but they do confirm that Boyke was at one point the attorney for John Burge in matters related to the conduct and litigation of him and other police officers. But it does have to be contemporaneous, doesn't it? It can't be 2010, can it? And that's the question that Pat raised. I know, but I'm asking you, can it be? No, it cannot. And it can't be 2010. You're right. It has to be contemporaneous. And that's the question, Pat, that is left unanswered here and could be so easily answered. Are conclusions enough? Pardon me? Are conclusions enough? Legal conclusions. In other words, the affidavit says, I asked him if he was representing Burge after trial. Okay. So there was no response or something like, I thought he said he did respond and say. He did respond. He said it's none of your business, which was inappropriate. And everyone's entitled to a defense. You know, everybody's entitled to a defense, including Chicago police officers. All right. So from there, that's enough to get to the second stage? Yes, it is enough. That, along with the fact that his claims are not contradicted by the record, along with the fact that he does present what he can as a pro se litigant incarcerated in prison, and he says this in his affidavit that he tries to do a search, and what he presents are these documents showing that, in fact, Boyd Keith did represent John Burge, again, in matters concerning litigation that was occurring years before. So basically. And that's not something that's subject to independent proof or any kind of affidavit or something from somewhere that would show, like an appearance, for example. And, Your Honor. Just so that you can get to the second stage. Mr. Smith is incarcerated at Menard Correctional Center. I mean, I know we have trouble getting documents from the clerk's office. I think that is an unreasonable burden, and he has to present some facts. He doesn't have to present all facts to support each allegation. He has to present some facts. And you liberally construe his petition, and you accept his facts, the facts that he does present, as true. And so in this case. So does that mean that every single person that's been represented by Mr. Boyd Keith, because at some point in time he represented Mr. Burge, that every single client that Mr. Boyd Keith's had can now get to the second stage by just saying that? No, absolutely not. Well, what's the difference? Does every client, you would have to ask, does every client have proof in the record that Mr. Boyd Keith chose not to put, chose initially not to put his client on the stand and have him swear to allegations? That doesn't show that he has a conflict. That just shows that he did a bad job. We don't have to show. We don't have to prove at this stage. You have to at least allege it, though. And he did allege that. He did allege that. My question to you is that every single client that Boyd Keith had, based on your argument, every single client Boyd Keith had in the last decade can go into court and get a second stage hearing? No, that's not true, Your Honor. This is based on the support, the allegations in Mr. Smith's petition, on what happened to him, specifically what happened to him with Mr. Boyd Keith's representation of him. And he puts this in his affidavit. He says, prior to trial, I pointed out to Mr. Boyd Keith several false statements the police had made against me. And I asked him what he was going to do about it. And he said, oh, don't worry about it. When it comes time to the hearing, I'm going to put you on the stand. You can testify to those things. And lo and behold, when it came time to the hearing, he didn't. He didn't. And from the cases I cite, that at least provides you with. I would also amend my question, then. Every single client that Mr. Boyd Keith had that can find something wrong with his representation can now claim a conflict. That finds something wrong with his representation regarding challenging police officers' testimony? Yes. Well, I mean, the challenge to the police officers' testimony here is specific. The fact is that by being reluctant to have Mr. Smith challenge the officers' testimony, the cases say that that could show a subliminal reluctance to challenge them based on his alleged conflict. By waiving closing argument after a week of testimony, and the majority of it being- Wasn't that already resolved on a direct appeal? How do you get to rehash this now? I'm not rehashing that issue, Your Honor. On direct appeal, it wasn't resolved as to strategy. It was resolved as to prejudice. Right, but prejudice doesn't come into play here. Because of what? The overwhelming evidence that was presented at the trial? But that doesn't come into play here because it's a per se conflict. But if the strategy's not sound, even in the- Well, the per se conflict has to be contemporaneous. We know that. Right? Right. Contemporaneous. Right. Right. But his allegation that there was contemporaneous representation is supported-only has to be supported by some facts, which can be corroborated. Is it your opinion that the suggestion about four years later or five years later corroborates that he was the attorney five years previous? Yes. Under what theory or what case would suggest that if you represented someone five years later, it's reasonable to infer that you represented them five years earlier? Again, this is the exact question of fact here because, again, we have- But you're saying you're using it to support the petition. So I'm asking you, how does it support the petition? It supports the petition because you have to look at it along with Mr. Smith's affidavit saying that after trial he confronted Mr. Boyke about his representation. So together they do. And, as I pointed out, these examples in the record, which at least support or, you know, somewhat support this idea that there was a reluctance to challenge police officers. I think that that is what really Mr. Smith-that started his concern of what was going on here. Why was there such a reluctance? And the cases say that that is exactly the type of conduct by counsel that can be affected by a pro se conflict. And nothing in the record contradicts Mr. Smith's claim, and that's something that you have to look at as well. Your Honors, based on the Supreme Court's directive in Hodges, the standard here is for determining whether a pro se petition should advance to second stage. And that favors inclusion rather than exclusion. This is his first petition. He's a pro se litigant. Even borderline cases with allegations that may appear unlikely, Hodges say, even those cases, should be dismissed only if their lack of legal and factual merit is certain and is indisputable. Here Mr. Smith's claim had an arguable basis in the law and the facts and was not contradicted by the record, and therefore his petition should be remanded for second stage proceedings and the appointment of counsel. Thank you. Good morning, Your Honors. Counsel repeatedly discusses that we have a question of fact here that must be resolved by an evidentiary hearing. In point of fact, you don't get to second stage or an evidentiary hearing unless you meet certain pleading standards under the Post-Conviction Hearing Act. And as Justice McBride correctly pointed out early in the argument, there are two criteria under the Act and under Supreme Court precedent that a pro se post-conviction petition must meet. Counsel has discussed mostly the factual pleading requirement. And under Hodges, she is absolutely correct. You liberally construe the petition. But Delton makes clear that the Hodges liberal pleading standard does not mean that you don't have to plead any facts. You have to plead something more than a conclusory allegation. And as Delton makes clear, if your claim is based on persons who could provide information pertinent to your argument or your alleged violation, then you have to, as Justice Taylor recognized, you have to identify that person by name. You have to say what the substance of that testimony would be. Now, the concept that Mr. Smith just intuited without having another source that his attorney was contemporaneously representing somebody else is ridiculous. There was a source. How did you learn that information? How did that person know that information? And why couldn't he have provided an affidavit from that person? Now, that's the second standard. The second standard is, is your petition legally sufficient? Does it have the required affidavits or proof of record or other evidence? And in this case, the defendant's petition, the circuit court, properly found that the petition failed to meet either standard. Now, the concept that, first of all, Burge is the only person mentioned in this. There is not a single active employee in the State's Attorney's Office or the Chicago Police Department that is mentioned anywhere in the defendant's petition. Burge had been fired from the Chicago Police Department 13 years before the defendant's trial. So he was not a member of the Chicago Police Department at the time. Now, the defendant contends that he's being made to prove at first stage, if he's required to submit actual evidence, that somebody from the Chicago Police Department or the State's Attorney's Office was being represented by Mr. Boyke at the same time the defendant had retained him. But a claim is only proved if, after the trier of fact determines that the evidence is both reliable and of a sufficient quantum to make the required showing. The State, as we all know, at first stage, is precluded from challenging the legitimacy, the credibility, or the sufficiency of the defendant's evidence at first stage. So the mere production of some corroborative evidence is not being required to prove. It's being required because the statute provides that only those claims that can be demonstrated to have some factual basis in reality are deserving to go on to second stage. So if the defendant had put down the other source with an affidavit and mentioned the time that he talked to his attorney, would that have been enough to get him through the door on the first stage? I still think he needs to have some evidence of actual contemporaneous representation. Now, if that source had said, I was one of the defendants that was being, was prosecuting under Area 2 issues and Boyke was representing one of the Yes, but not just naming somebody. There has to be some factual allegation, some nexus between his claim of contemporaneous representation and the facts. And here we have none. We have no facts that establish that the only facts that we have are that, is that in 2009, Mr. Boyke represented John Birch. Now, as Justice McBride pointed out, there are a number of other things that could have been provided. The defendant named five different cases in which he argued in his petition, Mr. Boyke was actively involved. And they were Aaron Patterson's case, Daryl Cannon's case, Leroy Orange's case, blanking on, one was Evans. All the defendant had to do is go to the computer and print out the history of those cases. And if Boyke had been named in any one of those cases, he would have had his proof. Problem is, Boyke's name doesn't appear in any of those cases until 2009. So there's just nothing, no nexus here between his claim and the facts. And under those situations, both the act and the precedent of the Illinois Supreme Court is that those petitions don't deserve to go to second stage. We are not going to waste and squander the limited resources of this state on something that is truly a fanciful allegation based on what the defendant has provided. Sorry, got a little out of order here. Now, the defendant also argues that he doesn't actually have to have evidence which truly corroborates his claim, only which shows that the facts are capable of independent corroboration. And that is an absolute misinterpretation of the act. The defendant totally ignores the language that the Supreme Court uses when it talks about, it says that the purpose of section 122-2 is to establish or to show that the allegations are capable of objective or independent corroboration. So it does not mean, as the defendant argues, it has the capacity to be proved. No, the language of the act says these affidavits have to support your claims and the language of the Supreme Court decisions interpreting that provision say that it has to be a present ability to make this affirmative showing. None of the documents that the defendant appended actually made that showing. And as a preliminary matter, although counsel did not bring it up this morning, she does mention the 2006 report of the special state's attorney in her briefs and says that this supports the claim that since the report was published the year of the defendant's trial, it's reasonable to assume that those accused in the report might have begun looking for legal representation at the time of the defendant's trial and could have retained Boyke. Not only is such rank speculation legally insufficient to qualify as corroborative evidence, but that report was never mentioned in the defendant's petition. So that isn't properly before this Court. As for the documents he actually appended, none of them support his claim. The 2009 letter and the two 2010 newspaper articles refer only to the federal That happened three years after. Actually, the trial started four years after the defendant's trial. This leaves only the defendant's self-serving statement. And counsel takes issue with the state referring this to it. Counsel argues that we should consider those facts along with everything else in the record. They don't demonstrate the heart of his claim. The only way there's a per se conflict, assuming that this Court finds that a former police officer, who has not been a member of the police force for 13 years, qualifies as an entity assisting the prosecution, which Judge Sachs found it didn't qualify. And I would argue that is a reasonable conclusion. But assuming that the Court finds that, the fact that Mr. Boyke represented him four years later does nothing to Well, counsel argued that the defendant has, I guess, circumstantially made his case for a second state hearing by putting together all the bad decisions Mr. Boyke may have made during the trial and his reluctance to cross-examine or challenge a police officer's testimony in addition to the fact that he refused to answer the defendant's inquiry is enough to get him at least to an investigative stage. First of all, trying to litigate a motion to suppress without having your client testify is hardly bad lawyering. It's quite clever if you're allowed to do it because you don't have your client on paper. So that is not. And Mr. Boyke's well-written, as the judge called it, motion to suppress attacked the police officer's conduct. It accused the police officers of never mirandizing the defendant over the course of four or five different investigations or interrogations. It said that they repeatedly ignored his request for counsel and that they threatened to arrest his girlfriend and take his son away from him. So Mr. Boyke was not afraid of challenging the propriety of police conduct. He was clear. And there is no evidence of record that he did not cross-examine the police officers during their testimony. He simply didn't put his client on. I think that's rather effective lawyering. He tried to get away with getting to a hearing without putting his client on and Judge Sands didn't let him. Correct. That's basically what happened. That is not bad lawyering. That's brilliant strategy. It just unfortunately didn't work in this case. Was it brilliant strategy not to have a closing argument? Your Honor, that was mitigated and this court did not find that to be a deficiency. But if a defendant's self-serving, and as I started to say self-serving, that is not, as the defendant accuses me of making a credibility determination, that is a recognition that it can't qualify as independent or objective evidence because the party, it comes from the same party who is seeking to benefit from it. That's why it's self-serving. If a defendant's own attestations are sufficient to provide the corroboration required by 122-2, you defeat the purpose of the statute because the purpose of the statute is independent or objective evidence that corroborates it. And why did the legislature pass this section? Because they wanted to filter out these claims. This is not a case where the defendant's only other corroboration could come from the lawyer. This is not a private conversation like there was in Collins, like there was in Edwards. This is not one of those situations. There were multiple sources that the defendant could have gone to to have corroborated his claims. And he didn't. Instead, he provides an unnotarized statement from himself that is also devoid of fact. It doesn't talk about when he learned of this information, from whom he learned it. It doesn't state when he talked to Mr. Boyke. And the concept that you can now say after trial means between when I was found guilty and when I was sentenced. That is ludicrous. The defendant, even as a pro se defendant, was clever enough to put in the claim that Mr. Boyke had been representing the state's attorney's office and the police department since 2003, but simply didn't understand the importance of putting in the date that he obtained this information. The statement of the defendant is legally insufficient in and of itself to provide the corroboration. And even if you could, under some theoretical argument, make a claim that that was sufficient, that it could be sufficient, this affidavit wasn't sufficient. And because the defendant's factual pleading standard was below that required by Hodges, because he failed to provide appropriate independent and objective evidence for his petition, it was properly deemed insufficient to warrant further post-conviction proceedings. And the people respectfully request that this court affirm that ruling. Thank you. Counsel, brief rebuttal. Thank you, Your Honor. In terms of what the corroboration section 122-2 requires, you can't have the Illinois Supreme Court setting such a low threshold for indigent pro se incarcerated defendants and then set a high threshold in the evidence, evidentiary requirement of that pleading. It makes the most – Well, it was the Supreme Court that decided it dealt in the case. Am I right? That's right. And actually, when I asked you about Collins, I should have went on to ask you about Delton, a case which I guess I should be intimately familiar with. But how do you get around – the Supreme Court in Delton, how they dealt with the petitioner's affidavit? The petitioner didn't have an affidavit in that case. The only thing attached to the petition were transcripts from the trial, which did not at all show that he had a prior conversation with his attorney before trial and informed him of harassment allegations by the police officer. He only alleged that he had a private conversation with his attorney and he said his wife was present, so the court went on to find that she was there. He could have easily gotten her affidavit, but he did not attach a separate affidavit detailing the private conversation that he allegedly had with his attorney. That's how this case is different. And in Delton also, Delton just says that you have to present some facts capable of independent and objective corroboration. I mean, the state finds fault with the fact that Mr. Smith doesn't file these court documents and go searching for these court documents in the limited time he has to file his timely petition and doesn't support other allegations in the petition. He doesn't have to. He has his source. His source is Mr. Boyke and he's readily identifiable. We know that he can provide facts that are capable of corroborating or not Mr. Smith's allegation. But that is for second stage proceedings. Also, Your Honors, I So are you telling me that you think that if Mr. Delton had filed in addition to his verified pleading, if he had filed an affidavit in which he said the same thing, then he would have got passes? No, not the same thing. He would have had to have basically like Mr. Smith here, he would have had to have a separate affidavit saying prior to trial I had this conversation with my attorney. I told him about these prior complaints. He told me those make no difference here. I'm not going to investigate. That's not what he he didn't present any affidavit detailing any type of How does it substantively add anything? If Boyke just says nothing? How does it substantively add to his claim that there was contemporaneous representation? He doesn't say nothing, first of all. He tells them it's none of your business. It's none of your business. It is his business. It is his business and maybe some other proceeding would look into that. But how does Boyke saying it's none of your business add to his claim or even establish his claim for the purposes of the pro se pleading that there was contemporaneous representation? That's the question. That's the question of fact. By his response of a non-response, from a question from a client that demands a response as to were you conflicted when you represented me, that is the question. And that is the question that is so easily resolved at the next stage where an attorney does exactly what the state is asking right now, that the petition be put in proper legal form. That's what the state wants right now. But this isn't the forum for doing that. The first question I asked you was can you just say anything? Don't you have to have something to back it up? Can you file a petition and say the sky is green? What if Boyke provided an affidavit at this stage and said I didn't have that conversation? Would we be saying is he just saying anything? I mean, how do I know he's? I don't know what that proves. My question to you is, is it just because your client says that Boyke didn't respond to him, is that enough for us to say that he sufficiently raised the gist of a constitutional claim that there was contemporaneous representation? Where is the substance to that? Where does it show that there was contemporaneous representation? Why don't you answer Ms. Grimaldi's argument concerning the strategy he imposed at the motion to suppress hearing? Don't lawyers try to do that all the time? Didn't they used to say, well, Judge, he's sworn to the motion, let's hear it from the police officer? And some judges let him get away with that and some judges didn't. And Judge Sass didn't. Your Honor, I'm looking at the pleadings. And in Mr. Smith's mind, he puts in his affidavit that he specifically asked his attorney about these false statements that were being made by police officers. And he alleges in the petition that Mr. Boyke's response to him was don't worry about it. You'll get to testify. You'll get to rebut those claims. And obviously, it came as a big shock to him when Mr. Boyke said, I'm not going to present your testimony. We're just going to go with these allegations. And when, I mean, right in the record, Judge Sass says good attorneys should know better. Yeah, and maybe Boyke tried to get away with one. But don't attorneys always make strategic decisions, including one that if he doesn't think he's going to win the motion anyway, he doesn't put his client on the stand and he waits until trial because he doesn't think he's going to win. And why should he let his client get cross-examined? Why should he let the state have a free pass at the guy in the motion hearing that he knows he's going to lose anyway? Now we are, I mean, we're getting into issues of strategy. That's right. And that's what the trial court looked at initially. But those are questions of fact. Are those questions that we can resolve here as to why he did it? No, but. All I'm saying is it doesn't necessarily, it doesn't follow that the fact that he tried to get away with not putting Mr. Smith on the stand at the motion hearing, it doesn't follow that because of that, he must have been contemporaneously representing Mr. Birch. It maybe doesn't prove that, but that's not what. It doesn't even suggest it. Okay. I have to respectfully disagree that it supports it. It supports his allegation. And if you look at the case law, that's exactly the type of behavior that you're looking at if an attorney has conflicting loyalties. That's exactly the type of behavior is this subliminal reluctance to challenge police officers. Well, Mr. Mellon says that Mr. Boykin cross-examined the police officers. Do you disagree with that in the motion and the trial? That's right. So he did, he may have challenged him to an extent. But not enough for you. But what was his reluctance to put, I mean, again, we're getting into these factual questions about his strategy that are just, at this first stage, we're all, I mean, the purpose of this first stage, the reason they have the first stage and then he gets an attorney is because they thought, you know what, a poor indigent defendant with no legal training who has no, doesn't know what facts to put in and doesn't know the law should be able to make out at least the gist, the very lowest threshold, should be able to make out at least a gist supported with some facts that are capable of down the road proving, that are capable of corroboration to get him an attorney. Because he doesn't have an attorney. And he doesn't know what is supposed to necessarily be in this petition. And, but he's going to try, he feels that his constitutional right to the effective assistance of conflict-free counsel has been violated. And he has these facts that support those claims. Some facts that support those claims. And those some facts that can be proven at further proceedings. One way or the other. The truth or falsity, that's not an issue here. That's an issue down the road. Not here. Just to get him to that next stage. And, frankly, all the law supports advancing Mr. Smith's petition to the second stage. He presents an arguable basis in the law. And to say that based on these, what he has presented, there's nothing fantastic. There's nothing delusional for him to think that perhaps his attorney had conflicting loyalty. We're not really, I think we've kind of gotten past that. The state isn't challenging the allegations factually. The state is saying you haven't legally supplied the court with some kind of corroboration of any kind, unrelated to the defendant's affidavit, that suggests that there was a conflict regarding his representation at the time that he proceeded to trial. They're not picking this apart on the basis of fantastic or delusional allegations. But, Your Honor, if you look at Hodges and then the other case that came after Hodges-Brown, which also found arguable basis of facts in law, when the court looks at 122-2, specifically I think it's Hodges page 18, they consider whether or not that corroborative evidence supports the factual basis. That's how they look at it. And if you can't say that the factual basis here is delusional based on what he's provided you, then it moves on. Nothing in the record contradicts his claim. The facts that support it, you know, the waiver of the closing argument supports it. Under Delton, he only is required to present some facts capable of independent and objective corroboration. He does. He presents facts, which down the road can be proven true or false. And, therefore, because all the law supports advancing his petition to the  legal forum, that's it. This doesn't affect the conviction. Just the appointment of counsel. This petition should move on. What do we do with, I guess it's outside the record, but what do we do with, you know, Ms. Grimaldi holding up four records of four cases in which it's clear that Mr. Boyke had not appeared? Ms. Grimaldi can save those for her motion to dismiss at the second stage. Okay. Thank you, Your Honor. All right. Case was well argued and well briefed, and it will be taken under advisement.